FILED

98 SEP 15 PM 2:19

U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MICHAEL KEVIN AUSTIN,

Plaintiff,

vs. CV-96-AR-1240-E

NORTHEAST ALABAMA KIDNEY CLINIC,

Defendant.

ENTERED

SEP 15 1998

**Memorandum Opinion**

On September 10, 1998, defendant, Northeast Alabama Kidney Clinic ("NEAKC"), filed a Motion for Leave to File a Dispositive Motion. This action is set for trial beginning October 5, 1998, and pursuant to this court's previously issued scheduling order, the deadline for filing all dispositive motions was November 12, 1997, more than ten (10) months ago.

Plaintiff, Michael Austin ("Austin"), has settled a different suit arising in part from the same alleged discrimination and allegedly retaliatory termination which gave rise to the present case. In that other lawsuit,[1] Austin brought claims under the False Claims Act, *31 U.S.C. § 3729 et. seq., as amended*, whereas the present suit was brought pursuant to Title VII of the Civil Rights of 1964, *42 U.S.C. § 2000 et seq*.

It is NEAKC's contention that both suits arise out of a



[1] Civil Action No. CV 96-C-1428-E

single termination and therefore constitute a single cause of action. As a result of the settlement, NEAKC argues that Austin is now precluded from recovery in the current suit, because any recovery would actually constitute double recovery for a single wrong. However, Austin expressly reserved his rights in the stipulated settlement by stating therein that the parties "are desirous of compromising and settling any and all claims or causes of action that have been or could be asserted... with the following exceptions... all claims in the action currently pending in the United States District Court for the Northern District of Alabama captioned as *Michael Kevin Austin v. Northeast Alabama Kidney Clinic*, No. CV-96-AR-1240-E." NEAKC discusses two instances where plaintiffs attempted to bring multiple suits, applying multiple legal theories to a single wrong. In both instances, the Eleventh Circuit found that the plaintiff was precluded from bringing the subsequent suits on the basis of *res judicata*. However, neither case involved a stipulated settlement expressly reserving rights in a separate lawsuit, and this court finds them inapplicable.

In addition, the court notes that Austin's settlement was executed in May of 1998, more than four months ago. NEAKC has waited until this late date, merely three (3) weeks before trial, to bring this motion. The court finds no justification for the delay.

## Conclusion

For the reasons stated above, the court finds that NEAKC's Motion for Leave to File a Dispositive Motion is due to be DENIED. A separate and appropriate order will be entered in keeping with these findings.

DONE this 15th day of September, 1998.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE